# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **EVERETT KIRBY**    ]<br>]<br>   **Plaintiff,**    ]<br>]<br>**v.**    ]<br>]<br>   ]<br>**THE HARTFORD LIFE INSURANCE**    ]<br>**COMPANY.,**    ]<br>   ]<br>   **Defendant.**    ]<br>]<br>]<br>] | **CV-08-BE-848-M** |

## MEMORANDUM OPINION

This matter is before the court on Plaintiff's "Motion to Set Aside Order Pursuant to Rule 59" (doc. 28) and Plaintiff's "Motion to Reconsider Cross Motions for Summary Judgment" (doc. 30). Judge Hopkins had previously entered an order granting Defendant's Motion for Summary Judgment and denying Plaintiff's Motion for Judgment on the Record[1]. Her order found the claims administrator's decision that Kirby was not disabled to be "*de novo* correct." After the Plaintiff filed the motion to set aside that order, Judge Hopkins recused herself from this case, and it was reassigned. For the reasons stated in this Memorandum Opinion and Order, the court finds that both motions are due to be DENIED.

---

[1] Although this motion is styled as a Motion for Judgment on the Record, in his reply brief and in his Motion for Reconsideration, Kirby refers to his motion as one for summary judgment, and Judge Hopkins addressed it as a motion for summary judgment. (Mem. Opinion, doc. 25, at 1 n. 1.).

1

*Motion to Reconsider Cross-Motions for Summary Judgment*

Plaintiff, Everett Kirby, filed this motion, asking this court to begin the summary judgment process anew.  In support of that motion, Kirby points to the difficulty of one judge reviewing the decision of another, and further, speculates about the basis for Judge Hopkins's recusal. The court finds no support for Kirby's request for revisiting the entire summary judgment process, which would result in delay, additional and unnecessary legal fees for at least one party, and inefficient use of judicial resources.  Accordingly, the court finds that the motion to reconsider is due to be DENIED.

*Motion to Set Aside Order Pursuant to Rule 59*

Kirby also requests pursuant to Fed. R. Civ. P. 59 that this court set aside the order granting Hartford's Motion for Summary Judgment.  Because of the unique procedural circumstances of this case, the motion in essence asks this judge to reconsider the ruling of another.  While acknowledging its discomfort with those circumstances, the court nevertheless cannot and will not allow that discomfort to affect a proper reconsideration pursuant to Rule 59.

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Summit Medical Center of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1352-53 (M.D. Ala. 2003) (addressing a Rule 59(e) motion and quoting *Groover v. Michelin N. Am., Inc.,* 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000)).  A motion for reconsideration – whether termed as a motion to set aside, alter, amend, or reconsider –  should not be a "'knee-jerk reaction to an adverse ruling.'" *Summit Medical Center*, 284 F. Supp. 2d at 1355.  Neither should a Rule 59(e) motion be "used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, ___ U.S. ____,

128 S. Ct. 2605, 2617 n. 5 (June 25, 2008).  Rather, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Medical Center*, 294 F. Supp. 2d at 1355.

In the instant case, Kirby does not present any new evidence that was unavailable at the time of the decision nor does he argue that controlling law changed after the date of the court's order.   Further, Kirby does not point the court to any facts or legal argument that Judge Hopkins had not already considered and addressed when ruling on the cross motions.  Thus, the motion appears to assert that the rulings were clearly erroneous.  Kirby simply disagrees with the rulings on the cross motions; his motion is the classic attempt to obtain a second bite at the proverbial judicial apple.  This judge was not present for the first taste, however, and a review of the matter is appropriate to determine whether clear error exists.

Judge Hopkins performed a *de novo* review of the claims administrator's decision in this case and determined that it was correct.  This court similarly has performed a *de novo* review of the claims administrator's decision – without giving any deference to the opinion of Judge Hopkins – and also has determined that the claims administrator's decision was correct.  Thus, this court finds no clear error in the result and will DENY the motion to set aside pursuant to Rule 59.

This court acknowledges slight differences in the analysis it used and notes that, because of ERISA's unique posture, this court prefers to avoid invoking Rule 56 language and standards of review for a process that involves the court's making not only conclusions of law but also findings of fact and credibility determinations.  *See Doyle v. Liberty Life Assur. Co. of Boston,*

3

542 F.3d 1352, 1363  n. 5 (11th Cir. 2008) (noting that in many ERISA cases, "Rule 56 practice seems to be an extra and unnecessary step."). Regardless of the approach taken, however, the end result is the same: the claims administrator was *de novo* correct.

In sum, the court finds that both the Rule 59 Motion to Set Aside (doc. 28) and the Motion to Reconsider (doc. 30) are due to be DENIED. As this case is already closed, no further action is necessary. The court will enter a separate Order consistent with this Memorandum Opinion.

Dated this 17th day of December, 2009.

*Karon O. Bowdre*
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE